# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DOREEN JONES, on behalf of herself and
others similarly situated,

        Plaintiff,

       -against-

SCO FAMILY OF SERVICES,
DOUGLAS O'DELL, individually,
DIANE KRASNOFF, individually,
SYBRINA RICHARDSON, individually,
and JOANN JOSEY, individually,

        Defendants.

                       Civ. No.: 15-cv-08733

-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

Attorneys of Record:
    Ana C. Shields, Esq.
    Alyssa M. Smilowitz, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

PROCEDURAL HISTORY................................................................................. 2

LEGAL STANDARD......................................................................................... 2

STATEMENT OF *FACTUAL* ALLEGATIONS.................................................. 4

ARGUMENT ...................................................................................................... 5

   I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA. ..................... 5

      A.   FLSA Enterprise Coverage Does Not Apply. ........................................ 5

      B.   The Complaint Fails to Plead Individual Coverage. .................................. 9

      C.   As Plaintiff's FLSA Claims Should Be Dismissed, This Court Should Decline to Exercise Pendent Jurisdiction................................................................ 12

   II.   EVEN IF PLAINTIFF PROPERLY HAS ALLEGED AN FLSA CLAIM, PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER THE NYLL.......................................................................................... 13

      A.   Plaintiff Cannot State a Claim under the NYLL Because SCO Properly Has Opted Out of Coverage. ....................................................................................... 13

   III.   EVEN IF PLAINTIFF PROPERLY HAS ALLEGED AN FLSA CLAIM, PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS............................................... 15

      A.   Employer Standard for Individuals under the FLSA................................. 15

      B.   Plaintiff Does Not Allege Facts That Satisfy the Employer Standard as to the Individual Defendants. ........................................................................... 17

CONCLUSION................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashby v. Nat'l Freight, Inc.*,
    2007 U.S. Dist. LEXIS 80437 (M.D. Fla. Oct. 30, 2007) ......................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................2, 3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................2

*Birch v. Pioneer Credit Recovery, Inc.*,
    2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007) ......................................12

*Bowrin v. Catholic Guardian Soc'y*,
    417 F. Supp. 2d 449 (S.D.N.Y. 2006)................................................................7, 10

*Bravo v. Eastpoint Int'l, Inc.*,
    2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) ........................................18

*Briggs v. Chesapeake Volunteers in Youth Servs., Inc.*,
    68 F. Supp. 2d 711 (E.D. Va. 1999) ....................................................................7

*DeJesus v. HF Mgmt. Servs.*,
    726 F.3d 85 (2d Cir. 2013)..............................................................................12, 18

*Herman v. RSR Sec. Servs.*,
    172 F.3d 132 (2d Cir. 1999) ............................................................................15

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013)..............................................................................15

*Jacobs v. N.Y. Foundling Hosp.*,
    483 F. Supp. 2d 251 (E.D.N.Y. 2007) ..................................................................7

*Jacobs v. N.Y. Foundling Hosp.*,
    577 F.3d 93 (2d Cir. 2009)..............................................................................6, 7, 8

*Jian Long Li v. Li Qin Zhao*,
    35 F. Supp. 3d 300 ........................................................................................10, 12

*Joles v. Johnson Cty. Youth Serv. Bureau, Inc.*,
    885 F. Supp. 1169 (S.D. Ind. 1995)......................................................................7

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
    662 F.3d 1292 (11th Cir. 2011) ...................................................................................10

*Krumholz v. Vill. of Northport*,
    873 F. Supp. 2d 481 (E.D.N.Y. 2012) .........................................................................13

*Kuebel v. Black & Decker (U.S.) Inc.*,
    2009 U.S. Dist. LEXIS 4386 (W.D.N.Y. May 18, 2009) .............................................13

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)...........................................................................................2

*Locke v. St. Augustine's Episcopal Church*,
    690 F. Supp. 2d 77 (E.D.N.Y. 2010) .............................................................................6

*Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials*,
    955 F. Supp. 2d 50 (D.D.C. 2013).............................................................................8, 9

*Middleton v. City of New York*,
    2014 U.S. Dist. LEXIS 113616, at *6 (S.D.N.Y. Aug. 13, 2014) ...............................13

*Thorne v. All Restorations Servs., Inc.*,
    448 F.3d 1264 (11th Cir. 2006) ...................................................................................10

*Tony & Susan Alamo Found. v. Dep't of Labor*,
    471 U.S. 290 (1985).............................................................................................6, 8, 9

*Tracy v. NVR, Inc.*,
    2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) .........................................15

*Walker v. Interfaith Nutrition Network, Inc.*,
    2015 U.S. Dist. LEXIS 91418 (E.D.N.Y. July 14, 2015).........................8, 9, 10, 11

*Wolman v. Catholic Health Sys. of Long Island*,
    853 F. Supp. 2d 290 (E.D.N.Y. Feb. 16, 2012) .........................................15, 16, 17

*Xue Lian Lin v. Comprehensive Health Mgmt.*,
    2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009)...................................15, 16

**STATUTES AND OTHER AUTHORITIES**

28 U.S.C. § 1367(c)(1) (2015)...........................................................................................13

29 U.S.C. § 203(s) (2015)....................................................................................................5

29 U.S.C. §§ 206-207 (2015)...............................................................................................5

N.Y. LAB. LAW § 652(3)......................................................................................................13

Fed. R.Civ. P. 12 (b)(6).................................................................................................1, 12

29 C.F.R. § 779.103 (2015) .............................................................................................9, 10

N.Y. Comp. Codes R. & Regs, tit. 12 §§ 137-142 .......................................................14

N.Y. Comp. Codes R. & Regs, tit. 12 §§ 143 .........................................................13, 14

Defendants SCO FAMILY OF SERVICES ("SCO"), DOUGLAS O'DELL, DIANE KRASNOFF, SYBRINA RICHARDSON, and JOANN JOSEY (the "Individual Defendants" and together with SCO collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Plaintiff claims she was denied overtime pay under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Her claim under the FLSA should be dismissed because the FLSA simply does not apply. Coverage under the FLSA must be based either on "enterprise coverage" or "individual coverage," but neither exists here. The Complaint contains no factual allegations that SCO (a not-for profit engaged in charitable work) is "an enterprise engaged in commerce", as defined under the FLSA itself, and relevant case law, nor *factual* allegations sufficient to establish individual coverage. Because, upon dismissal of the FLSA claim, there are no other federal claims or other basis upon which to exert federal jurisdiction, the Court lacks jurisdiction and should dismiss the remaining NYLL state law claim. Even if the Court were to exercises its pendent jurisdiction over Plaintiff's NYLL claim, however, it too should be dismissed. As is explained herein and as was confirmed by the New York State Department of Labor, the New York regulations (establishing the requirement to pay overtime) upon which the Plaintiff brings her claim also do not apply because Defendants, consistent with New York law applicable to not-for-profit corporations, elected to exclude themselves from coverage under the regulations.

---

[1]      Exhibits are attached to the Affirmation of Ana C. Shields, Esq. in Support of Defendants' Motion to Dismiss ("Shields Aff.") and are referenced herein as "Ex. __." A copy of Plaintiff's Complaint, dated October 13, 2015, is attached as Ex. A.

Finally, to the extent the FLSA and NYLL claims survive dismissal (they should not), the claims asserted against the Individual Defendants still must be dismissed.  No *facts* are alleged from which it reasonably could be concluded that any individually named Defendant exercised sufficient control over Plaintiff to be held liable on an individual basis.

## PROCEDURAL HISTORY

On October 13, 2015, Plaintiff filed a Complaint in the Supreme Court for the State of New York, New York County, wherein she alleged Defendants improperly failed to pay overtime wages in violation of the FLSA and NYLL.   On November 6, 2015, Defendants removed the action to the United States District Court for the Southern District of New York. Shields Aff. ¶ 3.

## LEGAL STANDARD

In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court held a pleading that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" <u>fails</u> to satisfy the requirement in Rule 8 that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.* at 677-78; *see also Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015).   Under *Iqbal*, a motion to dismiss will be granted unless the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is <u>not</u> plausible on its face unless there is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A claimant must allege sufficient facts – unlike what Plaintiff Jones has done here – to demonstrate there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The U.S. Supreme Court barred reliance upon legal

conclusions and formulaic recitations of the elements of a cause of action because of the "heavy costs" incurred and "valuable time and resources" diverted by lawsuits devoid of factual allegations. *Id.* at 685. The concerns identified by the U.S. Supreme Court (e.g., the burden and expense of engaging in costly discovery based on a bare-bones pleading) especially are true in putative collective or class actions such as this one.

As directed by the Supreme Court, first, the District Court should identify and disregard those allegations that merely are legal conclusions or recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court accepts only allegations of fact, not legal conclusions to support a claim. *Id.* While legal conclusions may provide the framework for a complaint, they must be supported by factual allegations. *Id.*; *Twombly*, 550 U.S. at 555. The factual allegations must then "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. While Rule 8 does not require hyper-technical pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. The second step is identifying "well pleaded factual allegations." *Id.* at 679. Only these are assumed to be true for purposes of the motion. *Id.*

Second, having separated legal conclusions from factual allegations, the Court must determine whether the factual allegations establish a claim that is "plausible on its face," i.e., whether the *facts* permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Thus, unless a plaintiff's well-pleaded factual allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680.

## STATEMENT OF *FACTUAL* ALLEGATIONS[2]

Consistent with the U.S. Supreme Court's guidance in *Iqbal*, the *factual* allegations material to Defendants' motion as alleged in the Complaint are summarized herein.[3] *Conclusory* allegations are omitted.

1.    Plaintiff currently is employed by SCO as a Case Worker and has been employed in this role since in or about December 2008. *Id.* at ¶ 33.

2.    SCO is a "domestic not-for-profit organization incorporated in the State of New York." *Id.* at ¶ 8.

3.    SCO's "program service revenue totals approximately $230 million per year and "total Revenue totals approximately $245 million per year." Id. at ¶9. SCO "has had annual gross volume of sales not less than $500,000." *Id.* at ¶ 13.

4.    It "receives contributions, grants and revenue from various persons, companies and organizations outside of New York States [sic], as well as within New York State, and regularly solicits contributions and revenues from various parties outside of New York State, as well as within Mew [sic] York State." *Id.* at ¶ 10.

5.    SCO "regularly orders supplies used to generate revenues from companies located throughout various states outside of New York State." *Id.* at ¶ 11.

6.    Case Workers (including plaintiff) "regularly contact persons, organizations, and authorities outside of New York State, as well as within New York State, via telephone, fax, and email, in furtherance of their duties as Case Workers for SCO, this ultimately generating fees-for-service for SCO." *Id.* at ¶ 12.

---

[2]    Defendants' Statement of *Factual* Allegations is derived from the material allegations of the Complaint ("Compl."), which are assumed true solely for the purposes of this motion.

[3]    Plaintiff's *factual* allegations concerning the liability of the Individual Defendants are identified separately in Section III.B.

7.    SCO "handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person." *Id.* at ¶ 13.

8.    As noted on its publicly available website, SCO Family of Services targets four impact areas where it provides services designed to produce life-changing results for vulnerable New Yorkers by getting young children off to a good start, launching youth into adulthood, stabilizing and strengthening families and unlocking the potential for children and adults with special needs.  Included in its program portfolio are community-based service hubs.  Its Center for Family Life in Sunset Park, Brooklyn, and Family Dynamics in Brownsville, Bushwick and East New York, Brooklyn offer an array of services to address the needs of children and families. Its Madonna Heights program, headquartered in Dix Hills, Long Island, serves vulnerable young women, mothers and children at locations throughout Suffolk County.  See http://sco.org/programs/.

## ARGUMENT

## I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA.

FLSA jurisdiction attaches in one of two ways: through "individual" coverage or through "enterprise" coverage.  29 U.S.C. §§ 206-207 (2015).  Neither form of coverage has sufficiently been plead.

### A.   FLSA Enterprise Coverage Does Not Apply.

SCO, a non-profit entity, is not an "enterprise" as that term is defined in the FLSA.   As such, the FLSA does not apply to SCO, rendering Plaintiff's FLSA claim (her first cause of action) subject to dismissal.

The FLSA applies only to those businesses which constitute an "enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 203(s) (2015).

5

The FLSA defines "enterprise" as "the related activities performed ... by any person or persons for a *common business purpose*." *See* § 203(r)(1) (emphasis added).  Absent from the Complaint are *factual* allegations which would support a conclusion that SCO is such an enterprise.

When the FLSA was expanded to cover "enterprises" along with individuals, legislative history makes clear that the activities of non-profit organizations such as SCO are *excluded* from FLSA coverage so long as their activities are not performed for a "business purpose." S. Rep. No. 86-1744, at 28 (1960), attached to Shields Aff. as Ex. B.  In discussing the "common business purpose" requirement, the Senate Committee Report states:

> [T]he definition would *not* include eleemosynary, religious, or educational organizations not operated for profit. *The key word in the definition which supports this conclusion is the word 'business.'* Activities of organizations of the type referred to, if they are not operated for profit, are not activities performed for a 'business' purpose.

*Id.* (emphasis added).  As the Senate and subsequent courts have made clear, the focus on whether a non-profit organization constitutes an "enterprise" is determined by whether it operates with a business purpose. *See, e.g., Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. 2009).  "Generally, non-profit organizations that do not 'engage in ordinary commercial activities' . . . operate without a 'business purpose.'" *Id.* (quoting *Tony & Susan Alamo Found. v. Dep't of Labor*, 471 U.S. 290, 297-99 (1985)); *see also Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 87 (E.D.N.Y. 2010) ("An organization that performs religious, educational, or charitable activities does not perform these activities for a 'business purpose,' and thus does not constitute an enterprise, unless the activities compete in the marketplace with ordinary commercial enterprises.") (internal citations omitted).

It uniformly is recognized that not-for profit eleemosynary foster care agencies, such as SCO, are not covered enterprises under the FLSA's overtime provisions because they are

non-profit institutions not engaged in commercial business activities. *See, e.g., Jacobs*, 483 F. Supp. 2d at 260, 263 (holding the FLSA did not cover a private non-profit institution providing foster care, adoption and family services to children and families, and citing favorably a U.S. Department of Labor opinion letter stating that "[t]he enterprise provision of the FLSA generally also does not cover a private non-profit institution providing care for . . . neglected children unless that institution is operated as a hospital, an institution primarily engaged in the care of the sick, the aged or the mentally ill who reside on the premises of such institution"); *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 464-65 (S.D.N.Y. 2006) (citing Department of Labor regulations regarding eleemosynary activities to support its holding that a non-profit organization dedicated to the service of families and children is not an "enterprise" as contemplated by the FLSA).

The Second Circuit's decision in *Jacobs* is controlling here. In *Jacobs*, the Second Circuit held that non-profit defendant Foundling Hospital (an organization providing foster care, adoption, and related services to children) was not an "enterprise" because non-profit organizations that do not "engage in ordinary commercial activities" or "serve the general public in competition with ordinary commercial enterprises," operate without a "business purpose" and therefore are not "enterprises." *Jacobs*, 577 F.3d at 97;[4] *see also Joles v. Johnson Cty. Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1174-75 (S.D. Ind. 1995) (finding non-profit organization providing temporary shelter and care services to troubled youth, like SCO, was not engaged in a business purpose under the FLSA); *Briggs v. Chesapeake Volunteers in Youth Servs., Inc.*, 68 F.

---

[4]      At the trial court level, Magistrate Judge Azrack went a step further, reasoning that Congress explicitly chose specific non-profits for coverage under the 29 U.S.C. § 203(r) because "they were in substantial competition with similar activities carried on by enterprises organized for a business purpose," and that other not-for-profits were by definition excluded from such coverage. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 261 (E.D.N.Y. 2007).

7

Supp. 2d 711, 714-15 (E.D. Va. 1999) (holding that non-profit corporation was not an enterprise subject to the FLSA because it did not operate with a business purpose).

Similarly, in *Walker v. Interfaith Nutrition Network, Inc.*, the District Court recently held that the Interfaith Nutrition Network, Inc. ("INN"), a non-profit that operated soup kitchens, emergency shelters and housing programs like SCO, was not an "enterprise" under the FLSA as the allegations:

> do not support a reasonable inference that the defendant provides services to the general public for which it competes with other commercial enterprises, such that it could be deemed to have enter[ed] the economic arena and traffick[ed] in the marketplace and thus 'subjected itself to the standards Congress has prescribed for the benefit of employees.'

*Walker v. Interfaith Nutrition Network, Inc.*, No. 14 CV 5419 (DRH) (GRB), 2015 U.S. Dist. LEXIS 91418, *1-2, *9 (E.D.N.Y. July 14, 2015) (quoting *Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials*, 955 F. Supp. 2d 50, 56 (D.D.C. 2013)).

Absent from Plaintiff Jones' Complaint are any *factual* allegations that would support a conclusion that SCO is different from the non-profit organizations in *Jacobs* and *Walter*. Because Plaintiff cannot establish that SCO engaged in commercial activities in competition with other commercial businesses (and therefore operated with a business purpose), she also cannot demonstrate that SCO qualifies as an enterprise under the FLSA.

The Complaint alleges that SCO receives income through contributions, grants and other revenue streams. *See* Compl. at ¶ 11. But as noted in *Walker*, "a non-profit organization is not an enterprise merely because it receives income." *Walker*, 2015 U.S. Dist. LEXIS 91418, at *7 (citing *Alamo Found.*, 471 U.S. at 296-97). Additionally, the Complaint alleges that SCO charges fees for its services. *See* Compl. at ¶ 12. But again "charging a fee for services does not necessarily render a non[-]profit . . . a 'business enterprise.'" *Alamo Found.*,

471 U.S. at 296-97 (quoting *Genarie v. PRD Mgmt.*, 2006 U.S. Dist. LEXIS 9705, at *8 (D.N.J. Feb. 17, 2006)); *see Walker*, 2015 U.S. Dist. LEXIS 91418, at *7.

Plaintiff's allegations mirror those which summarily were rejected by the court in *Malloy v. Ass'n of State & Terr. Solid Waste Mgmt. Officials.* In *Malloy*, the plaintiff alleged that despite the defendant's non-profit status the defendant association was an enterprise because it "charged members for services, thereby engaging in interstate commerce" and "planned and conducted large scale meetings and conferences, paying for conference space, food, lodging, travel expenses and other elements of conferences, thereby engaging in interstate commerce." *Malloy*, 955 F. Supp. 2d at 56.   The Court dismissed the Complaint finding these facts insufficient:

> [W]hile these allegations show that the defendant [at times] spends and receives money and provides services for its members, they do not plausibly indicate that the defendant engages in these activities with a business purpose.  Specifically, the allegations do not support a reasonable inference that the defendant provides services to the general public for which it competes with other commercial enterprises.

*Id.*

Because Plaintiff's Complaint fails to adequately plead enterprise coverage, the FLSA claim should be dismissed.

### B.      The Complaint Fails to Plead Individual Coverage.

The Complaint also does not contain facts establishing "individual" coverage. An individual may be covered under the FLSA (even if the enterprise is not covered) if the individual is "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) between states." Regulations Relating to Labor, 29 C.F.R. § 779.103 (2015).  An employee must regularly and

directly participate in the actual movement of persons or things in interstate commerce. *Josendis*

*v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011); *see* 29 C.F.R.

§ 779.103.  This requires that the employee either:

> (i) [work] for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or
>
> (ii) [regularly use] the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restorations Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see also Bowrin*,

417 F. Supp. 2d at 465.

Here, Plaintiff does not allege that she engaged in the production of *goods* for

commerce, but instead that she engaged in commerce.  Regurgitating the basic elements of

individual coverage, Plaintiff alleges only that she and other caseworkers "regularly contact

persons, organizations, and authorities outside of New York State, as well as within New York

State, via telephone, fax, and email, in furtherance of their duties as Case Workers for SCO, this

ultimately generating fees-for-service for SCO." Compl. at ¶ 12.[5]  This conclusory allegation, by

itself, is not sufficient to establish individual coverage.  *See, e.g., Walker*, 2015 U.S. Dist. LEXIS

91418, at *6-13 (granting defendants' motion to dismiss, in relevant part, because plaintiffs

merely asserted general allegations of goods out-of-state and phone calls made out-of-state and

therefore failed to adequately plead sufficient individual coverage under the FLSA); *Jian Long*

*Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) (quoting U.S. Department of Labor

regulations concerning individual coverage and rejecting applicability based on alleged use of

"out-of-state" vehicle and cell phone and purchase of gas from multi-state vendor).

---

[5]      Plaintiff also alleges that "SCO regularly orders supplies used to generate revenues from companies located throughout various states outside of New York State," Compl. ¶ 11, but Plaintiff does not allege that she herself regularly engaged in these duties.  Regardless, this conclusory assertion is insufficient to establish individual coverage.

In *Walker*, for example, the District Court granted the employer's motion to dismiss where, as here, the complaint alleged only general reference to routine use and purchase of goods previously transported in interstate commerce and routine communication across state boundaries. *Walker*, 2015 U.S. Dist. LEXIS 91418, at *9-13.  For example, the plaintiffs alleged they "routinely used and handled goods, equipment, and other materials . . . much of which originated or was manufactured in states other than New York". *Id.* at *10.  As the Court observed, the plaintiffs must "work in the channels of interstate or foreign commerce, or in activities so closely related to this commerce, as to be considered a part of it" and "[a]ctivities that simply affect or indirectly relate to interstate commerce are insufficient." *Id.* at *10-11.  The Court also found the use of the term "routinely" was "vague and provide[d] no specific information about the actual frequency of Plaintiffs' alleged use of items that were manufactured in other states such that it could be inferred that a substantial part of Plaintiffs' work related to interstate commerce" and the "alleged use of these items form[ed] simply too marginal a relationship to constitute Plaintiffs' engagement in interstate commerce." *Id.* at *11.  Although the plaintiffs alleged they "routinely made important purchases of goods, equipment, and other materials either directly from states other than New York and/or for items that were manufactured in states other than New York," they failed to "indicate the frequency or quantity of their purchases of goods from out-of-state vendors such that the Court could conclude that this activity was not occasional and was substantially related to their job duties." *Id.* at *11-12. Lastly, the plaintiffs alleged they "routinely had to make phone calls to companies located outside of New York," but the Court found this allegation likewise insufficient because they failed "to indicate the regularity of their interstate telephone calls or the substance and purpose of these calls." *Id.* at *12.

Similarly, in *Jian Long Li*, the District Court also dismissed a plaintiff's allegation that individual coverage existed because he (i) drove an "out-of-state" car to make deliveries; (ii) bought gasoline for that car at "gas stations which operate across the United States and which obtain fuel from outside of New York State;" and (iii) used a cellular phone that "function[s] by connecting to phone towers across the United States." *Jian Long Li*, 35 F. Supp. 3d at 308. The Court found that none of these activities were "sufficiently interstate in nature." *Id.*

Plaintiff's "threadbare recitals" of individual coverage, including her purported interstate calls, repeatedly have been rejected by the Second Circuit in the FLSA context. *See generally DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013) (internal citations omitted) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

### C. As Plaintiff's FLSA Claims Should Be Dismissed, This Court Should Decline to Exercise Pendent Jurisdiction.

Absent "'exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, federal courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Factors to consider in assessing whether "exceptional circumstances" which might warrant the exercise of such jurisdiction are present include "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." *Birch*, 2007 U.S. Dist. LEXIS 41834, at *16 (citing *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981)). Such circumstances are not present here. Even in FLSA cases proceeding to the summary judgment stage, New York federal courts have declined to exercise

such jurisdiction where summary judgment disposes of federal claims. *See, e.g., Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012) ("[T]he Court declines to retain jurisdiction over the remaining state law claims given the absence of any federal claim that survives the summary judgment motion and dismisses any such claims without prejudice"). Lacking federal question jurisdiction, the Court should dismiss the balance of Plaintiff's Complaint without prejudice.[6]

## II.   EVEN IF PLAINTIFF PROPERLY HAS ALLEGED AN FLSA CLAIM, PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER THE NYLL.

### A.   Plaintiff Cannot State a Claim under the NYLL Because SCO Properly Has Opted Out of Coverage.

Plaintiff cannot state a claim for alleged unpaid overtime under the NYLL because, as the New York State Department of Labor ("NYSDOL") has confirmed, SCO is exempt from the provisions of N.Y. COMP. CODES R. & REGS., tit. 12, et seq. ("Misc. Wage Order") based on its not-for-profit status and timely election to opt-out of coverage pursuant to NYLL Section 652(3). *See* May 30, 1975 letter & April 28, 1987 letters, attached to Shields Aff. as Ex. C.[7]   As a result of its previous election, SCO is subject <u>only</u> to the provisions of N.Y. COMP. CODES R. & REGS., tit. 12, § 143 ("Opt-out Wage Order"), which requires solely payment of the applicable minimum wage. *Id.*  Notably, Plaintiff makes <u>no</u> allegation that SCO failed to

---

[6]      As discussed in Section II, Plaintiff's NYLL claim raises a novel issue of state law, to wit, whether SCO is exempt from the provisions of 12 NYCRR 142-1.1 et seq. ("Misc. Wage Order") based on its not-for-profit status and timely election to opt-out of coverage pursuant to N.Y. Labor Law §652(3).  This issue has yet to be addressed by the courts.  As such, this serves as an additional reason for which the Court should decline to exercise pendent jurisdiction. *See* 28 U.S.C. §1367(c)(1) (2015).

[7]      When deciding a motion to dismiss, "[t]he Court may also rely on matters of public record," including official government publications. *Middleton v. City of New York*, Nos. 13-CV-6095, 13-CV-8441 (CS), 2014 U.S. Dist. LEXIS 113616, at *6 (S.D.N.Y. Aug. 13, 2014); *see Kuebel v. Black & Decker (U.S.) Inc.*, 08-CV-6020, 2009 U.S. Dist. LEXIS 4386, at *2 n.2 (W.D.N.Y. May 18, 2009) (taking judicial notice of two DOL opinion letters).  The Court therefore may take judicial notice of the two opinion letters from the New York State Department of Labor.

pay the applicable minimum wage as required. *See generally* Compl. Thus, SCO is not required to pay overtime premium pay under the NYLL. *See* N.Y. LAB. LAW § 652(3); Ex. C.

Section 652 of the NYLL contains the minimum wage requirements for all employers in the State. The implementing regulations, Title 12, Parts 137 through 142 of New York's Code, Rules and Regulations (N.Y. COMP. CODES R. & REGS., tit. 12, §§ 137-142), contain minimum wage orders requiring minimum wage, overtime pay and spread of hours pay for various industries (including a minimum wage order for "miscellaneous industries"). *See* N.Y. COMP. CODES R. & REGS., tit. 12, §§ 137-142. Because Section 652(3)(b) explicitly states that Parts 137 to 142 do not apply to a not-for-profit institution which pays employees the applicable minimum wage and which timely opted out of coverage, none of the various minimum wage orders are applicable to SCO. *See* N.Y. LAB. LAW § 652(3)(b). Due to "opting out," SCO is only subject to part 143 of the New York Codes, Rules and Regulations, which does not contain a requirement to pay overtime to employees. *See* N.Y. COMP. CODES R. & REGS., tit. 12, § 143.

In two separate letters, dated April 28, 1987 and May 30, 1975, the NYDOL confirmed that, pursuant to Labor Law Section 652(3), the Roman Catholic Church exempted all not-for-profit affiliated organizations listed in the "Kenedy Catholic Directory"[8] from minimum wage order coverage and that for such exempted organizations, "[n]o overtime is required." *See* Ex. C. SCO has been listed in the Official Catholic Directory since approximately 1948. Since that time, SCO absorbed other not-for-profit organizations and changed its operating name through the years; however, it did not reincorporate and thus maintained its Part 143 exempt status. *See* February 11, 2009 letter, attached to Shields Aff. as Ex. D. To confirm its Part 143

---

[8]    The Official Catholic Directory, printed annually, is commonly referred to as the "Kenedy Directory," referring to the original publisher of the directory, P.J. Kenedy & Sons.

status, in 2007, SCO requested a letter from the NYDOL. *Id.* By letter dated February 11, 2009, the NYDOL responded to SCO, confirming that "the organization SCO Family of Services is exempt from the minimum wage requirements of Article 19 of the Labor Law and is thereby subject to the provisions of 12 NYCRR Part 143." *Id.* As a result, Plaintiff cannot state a claim for overtime pay under New York Labor Law. Her claim for alleged unpaid overtime wages under New York Labor Law (second cause of action) must therefore be dismissed.

### III.   EVEN IF PLAINTIFF PROPERLY HAS ALLEGED AN FLSA CLAIM, PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.[9]

#### A.   Employer Standard for Individuals under the FLSA

Even assuming Plaintiff properly asserted FLSA enterprise or individual coverage, her FLSA claims against the individually named Defendants still must be dismissed. The analysis of whether individuals constitute employers within the meaning of the FLSA centers on economic reality rather than technical concepts. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal citation omitted); *see also Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). Courts applying the economic realities test have found that, generally, direct contact with the plaintiff employee, such as *personally* supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee is required before corporate officers and owners are held to be employers under the FLSA. *Tracy v. NVR, Inc.*, No. 04 CV 6541L, 2009 U.S. Dist. LEXIS 90778, at *15 (W.D.N.Y. Sept. 30, 2009) (emphasis added), *aff'd in relevant part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

In *Pazos v. Le Bernardin Inc.*, No. 11 cv 8360 (RJS), (S.D.N.Y. Apr. 27, 2012),

---

[9] The entirety of this section applies equally to Plaintiff's claims under the NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009).

Judge Sullivan dismissed claims under the FLSA against two individually-named restaurant owners after concluding the plaintiffs failed to sufficiently allege facts to satisfy the economic realities test.  In granting the defendants' motion to dismiss, the Court ruled that, other than a conclusory reference to the individual defendants' "power to hire and fire" employees, there were "really no facts . . . indicat[ing] the degree or the amount of interaction or control that the individual defendants have over [the] individual plaintiffs."[10]

Similarly, in *Xue Lian Lin*, Judge Castel found allegations similar to those asserted in the instant Complaint inadequate to nudge a complaint past the line from conceivable to plausible and therefore insufficient to survive dismissal.  *Lin*, 2009 U.S. Dist. LEXIS 29779, at *7-8.  Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA.  *Id.* at *2. The Court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA, noting that the complaint included nothing more than legal conclusions.  *Id.* at *7.

Judge Seybert reached the same conclusion in *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 293 (E.D.N.Y. Feb. 16, 2012), where the Court applied the economic realities test to an individually-named defendant and concluded that the plaintiffs failed to assert that he "exercised sufficient control over [them] to be considered their employer." *Id.* at 299.  In its assessment, the Court focused on the following complaint allegations regarding the individually-named defendant:

---

[10]    A copy of Judge Sullivan's April 27, 2012 Order, as well as the pertinent portions of the underlying transcript from the oral argument during which the defendants' motion was granted, is attached to Shields Aff. as Ex. E.  *See* Transcript at 8-9.

> (1) he is the President, CEO, and Director of CHS....; (2) his responsibilities include "actively managing [CHS]...," "mak[ing] decisions regarding benefits for the staff...," and "mak[ing] decisions that concern defendants' operations and significant functions, including functions related to employment, human resources, training and payroll...;" and (3) he was "involved in creating and/or implementing of the [sic] illegal policies complained of in this case...."

*Id.* Although the *Wolman* Court noted that the complaint asserted that the individually-named defendant had "at least some control over the [p]laintiffs' 'method of payment' because he was involved in creating and implementing [a pay] policy," the Court nevertheless ruled that "the 'economic reality,' considering the totality of the circumstances, [was] that [the individually-named defendant] did not 'possess[] the power to control the workers in question.'" *Id.* In dismissing the plaintiffs' claims against the individually-named defendant, the Court ruled that the plaintiffs' complaint was devoid of any facts that *he* ever had contact with the lead plaintiffs or "operational control" over the employing entity. *Id.* at 299-300; *see also Ashby v. Nat'l Freight, Inc.*, No. 8:07-cv-898-T-30MSS, 2007 U.S. Dist. LEXIS 80437, at *3 (M.D. Fla. Oct. 30, 2007) (dismissing FLSA claim against individual defendant because plaintiff "ha[d] not alleged what level of operational control or authority, if any, [the individual defendant] had over [p]laintiff's compensation, schedule, or workload").

**B.    Plaintiff Does Not Allege Facts That Satisfy the Employer Standard as to the Individual Defendants.**

Plaintiff Jones likewise has failed to plead sufficient, particularized facts which might support a claim that the Individual Defendants were her employers or joint employers. Her allegations are formulaic and conclusory – not factual. Plaintiff concludes, without factual support, as follows:

- "At all times relevant to this action, **defendant O'Dell served as Executive Director** of SCO and, as such, held a supervisory position over the plaintiff and was in a

position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation with defendant SCO." Compl. ¶ 14;

- "At all times relevant to this action, **defendant Krasnoff served as Assistant Executive Director** of SCO and, as such, held a supervisory position over the plaintiff and was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation with defendant SCO." *Id.* ¶ 15;

- "At all times relevant to this action, **defendant Richardson served as Program Director** of SCO and, as such, held a supervisory position over the plaintiff and was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation with defendant SCO." *Id.* ¶ 16;

- "At all times relevant to this action, **defendant Josey served as Director of Social Services of SCO** and, as such, held a supervisory position over the plaintiff and was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation with defendant SCO." *Id.* ¶ 17; and,

- "At all times relevant to this Complaint, **Management, including Josey, Richardson, Krasnoff and O'Dell knew** very well that Case Workers, including plaintiff and the Class, regularly worked over forty hours in a workweek . . . but intentionally refused to pay proper overtime wages to plaintiff and the Class." *Id.* ¶ 41.

Perhaps most telling is the fact that the assertions are identical as to each Individual Defendant. Her thread-bare recitals of a cause of action are not sufficient to state a claim. *Dejesus*, 726 F.3d at 87-91.

Plaintiff's template recitation of the applicable legal test without factual support is not sufficient to state a claim. *See, e.g., Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (dismissing complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment"); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 CV 9474 (WK), 2001 U.S. Dist. LEXIS 3647, at *4-5 (S.D.N.Y. Mar. 30, 2001) (dismissing FLSA claim against fashion

designer Donna Karan as employer because plaintiffs only alleged her status as the owner and chairperson of employer company and failed to allege any facts establishing her "power to control the plaintiff workers"). Where factual allegations regarding time sheets and pay practices are asserted, Plaintiff stops noticeably short from naming any one Individual Defendant. *See, e.g.*, Compl. ¶ 45 (making vague reference to unidentified "management" and "SCO's supervisors"); *id.* at ¶ 46 (again referencing "management"); *id.* at ¶ 48 ("management"); *see also id.* at ¶ 47 (including general reference to "defendants"). Absent factual support for Plaintiff's assertions that any one Individual Defendant in fact set the terms and conditions of her employment, as is alleged in conclusory fashion, all claims against the Individual Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order granting their motion to dismiss the Complaint in its entirety, together with any such other, further or different relief as this Court deems just and proper.

Dated: Melville, New York
     February 22, 2016

    Respectfully submitted,

    JACKSON LEWIS P.C.
    ATTORNEYS FOR DEFENDANTS
    58 South Service Road, Suite 250
    Melville, New York  11747
    (631) 247-0404

By:_____
    Ana C. Shields, Esq.
    Alyssa Smilowitz, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, the enclosed MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

Russell S. Moriarty, Esq.
LEVINE & BLIT, PLLC
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY  10118
(212) 967-3000

ANA C. SHIELDS, ESQ.

4833-4525-7259, v. 3