# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

DOREEN JONES, on behalf of herself and
others similarly situated,

Civ. No: 15-cv-08733

Plaintiff,

-against-

SCO FAMILY OF SERVICES,
DOUGLAS O'DELL, individually,
DIANE KRASNOFF, individually,
SYBRINA RICHARDSON, individually, and
JOANN JOSEY, individually,

Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**LEVINE & BLIT, PLLC**
*Attorneys for Plaintiffs*

Empire State Building
350 Fifth Ave., Suite 3601
New York, NY 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010

# TABLE OF CONTENTS

PRELIMINARY STATEMENT............................................................................1

ARGUMENT.....................................................................................................1

I. STANDARD OF REVIEW......................................................................1

II. PLAINTIFF STATES A CLAIM UNDER THE FLSA........................2

    A. FLSA Enterprise Coverage is Properly Pled................................2

    B. FLSA Individual Coverage is Properly Pled ...............................6

III. PLAINTIFF STATES A CLAIM UNDER THE LABOR LAW...................7

IV. PLAINTIFF'S COMPLAINT STATES A CLAIM VERSUS THE
THE INDIVIDUAL DEFENDANTS.....................................................10

V. ALTERNATIVELY, PLAINTIFF REQUESTS LEAVE TO
AMEND THE COMPLAINT................................................................11

CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Branham v. Meachum,*
77 F.3d 626, 628 (2d Cir. 1996) .......................................... 1

*Bowrin v. Catholic Guardian Society,*
417 F. Supp. 2d 449, 11 WH Cases2d 426 (S.D.N.Y. 2006) .......................................... 2,3,4,6

*Brown v. Coach Stores, Inc.,*
163 F.3d 706, 710 (2d Cir. 1998) .......................................... 1

*Chance v. Armstrong,*
143 F.3d 698, 701 (2d Cir. 1998) .......................................... 1

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,*
282 F.3d 83, 87 (2d Cir. 2002) .......................................... 1

*Fernandez v. Chertoff,*
471 F.3d 45, 51 (2d Cir. 2006) .......................................... 1

*Goodman v. Praxair, Inc.,*
494 F.3d 458, 464 (4th Cir. 2007) .......................................... 8

*Herman v. RSR Sec. Servs. Ltd.,*
172 F.3d 132 (2d Cir. 1999) .......................................... 10

*Jacobs v. N.Y. Foundling Hosp.,*
577 F.3d 93 (2d Cir. 2009) .......................................... 2,3,5

*Joles v. Johnson County Youth Serv. Bureau, Inc.,*
885 F. Supp. 1169, 1178 (D. Ind. 1995) .......................................... 6

Kassner v. 2nd Ave. Delicatessen Inc.,
496 F.3d 229, 237 (2d Cir. 2007) .......................................... 1,11

*Manchanda v Hays Worldwide, LLC,*
No. 1:14 CV 1339, 2014 WL 7239095 (E.D.Va. Dec. 17, 2014) .......................................... 7,8

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) .......................................... 2,3

*Xelo v. Mavros,*
No. 03-cv-3665, 2005 U.S. Dist. LEXIS 21588, at *2
(E.D.N.Y. Sept. 29, 2005) .......................................... 6

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*,
No. 08 Civ. 6519 (PKC)., 2009 BL 76599*2 (S.D.N.Y. Apr. 08, 2009)    10

**CODES, STATUTES, RULES & REGULATIONS**

29 C.F.R. 779.101                               2

29 U.S.C. § 203, 207                            2

29 U.S.C. § 203(r)(2)(A)                        3,4,5

29 U.S.C. § 203 (s)(1)(B)                       4,5

29 U.S.C. § 207(a)(1)                           6

N.Y. Comp. Codes R. & Regs., tit. 12, § 143     9,10

Plaintiff, DOREEN JONES ("Jones" or "plaintiff") by and through her attorneys Levine & Blit, PLLC, respectfully submits this Memorandum of Law in opposition to Defendants SCO FAMILY OF SERVICES' ("SCO"), DOUGLAS O'DELL'S ("O'Dell"), DIANE KRASNOFF'S ("Krasnoff"), and SYBRINA RICHARDSON'S ("Richardson") Motion to Dismiss the Complaint.

**PRELIMINARY STATEMENT**

Plaintiff brought the present action, on behalf of herself and others, alleging unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"). For the reasons cited below, if the pleadings are accepted as true, and all inferences are drawn in favor of plaintiff, defendants' motion should be denied.

**ARGUMENT**

**I.  STANDARD OF REVIEW**

"In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," _Kassner v. 2nd Ave. Delicatessen Inc._, 496 F.3d 229, 237 (2d Cir. 2007) (citing _Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals_, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing _Fernandez v. Chertoff_, 471 F.3d 45, 51 (2d Cir. 2006)).

"At the 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" _Chance v. Armstrong_, 143 F.3d 698, 701 (2d Cir. 1998) (citation omitted) (quoting _Branham v._

1

Meachum, 77 F.3d 626, 628 (2d Cir. 1996)); see also Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998).

## II.   PLAINTIFF STATES A CLAIM UNDER THE FLSA

"Courts construe the FLSA 'liberally to apply to the furthest reaches consistent with congressional direction.' Bowrin v. Catholic Guardian Society, 417 F. Supp. 2d 449, 11 WH Cases2d 426 (S.D.N.Y. 2006), quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 , 105 S.Ct. 1953 , 85 L.Ed.2d 278 (1985) (internal quotation marks and citation omitted). The Department of Labor's ("DOL") regulations, which provide '[g]uiding principles for applying coverage and exemption provisions,' state that '[i]t is clear that Congress intended the Fair Labor Standards Act to be broad in its scope.' 29 C.F.R. 779.101" Bowrin v. Catholic Guardian Society, 417 F. Supp. 2d 449, 11 WH Cases2d 426 (S.D.N.Y. 2006)

As per the FLSA, FLSA jurisdiction attaches either through enterprise coverage or through individual coverage. 29 U.S.C. § 203, 207  Both forms of coverage have been sufficiently pled, here, and attach to SCO.  Accordingly, defendants' Motion must be denied.

### A.   FLSA Enterprise Coverage is Properly Pled

In requesting dismissal of plaintiff's FLSA claim, defendants rely heavily on Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93 (2d Cir. 2009) (Def.Memo, p.6-9)[1]  Defendants' reliance is misplaced for at least two reasons.

First, to the extent that N.Y. Foundling is a much smaller institution than SCO, with a much narrower focus (which are issues for discovery), Jacobs is not on point, certainly not at this stage

---

[1] For all references to (Def.Memo, p.#), the Court is respectfully directed to the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, dated February 22, 2016, and docketed as Document #17.

2

of this litigation. Second, the Jacobs Court explicitly recognized that the plaintiff in Jacobs did "not dispute that Foundling is not a hospital, school, or any other type of institution listed under § 203(r)(2)(A)" *Jacobs v. N.Y.Foundling Hosp.*, 577 F.3d 93, 98 In fact, plaintiff's main contention in Jacobs was that N.Y. Foundling was a covered enterprise pursuant to the FLSA because N.Y. Foundling did work 'in connection with' a public agency (*Id.*) Such an argument is in no way utilized, here. Here, in fact, SCO will certainly be found to be a "hospital, school, or any other type of institution listed under § 203(r)(2)(A)", thus warranting coverage pursuant to the FLSA.

In fact, it is expected that discovery will reveal that the FLSA specifically included enterprises such as defendant SCO, as enterprises operating for business purposes. "As a general matter, activities performed by nonprofit entities such as CGS are not considered to be conducted for a common business purpose unless they engage in commercial activity." *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 459-60, 11 WH 426 (S.D.N.Y. 2006), see *Tony & Susan Alamo Found.*, 471 U.S. at 297 n. 14, 105 S.Ct. 1953. "However, in addition to activity commonly understood to be performed for a 'business purpose,' such as commercial activity in competition with other private entrepreneurs, *see Tony & Susan Alamo Found.*, 471 U.S. at 296, 105 S.Ct. 1953, 29 C.F.R. 779.214 (2002), the FLSA also deems certain specified activities to be performed for a business purpose. Specifically, activities performed

> in connection with the operation of a hospital, *an institution primarily engaged in the care of the sick, the aged, the mentally ill* or defective *who reside on the premises of such institution*, a school for mentally or physically handicapped or gifted children, a pre-school, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution or school is operated for profit or not-for-profit ... shall be deemed to be activities performed for a business purpose)." (*emphasis added*) *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 459-60, 11 WH 426 (S.D.N.Y. 2006), 29 U.S.C. 203(r)(2)(A)

3

As per the Bowrin Court, "if CGS[2], or any part thereof, constitutes an "enterprise" because it has a business purpose under the foregoing definition, that enterprise will be subject to the overtime requirements of Section 7 of the FLSA if it is also found to be 'engaged in commerce.' An enterprise is engaged in commerce where, *inter alia*, it 'is engaged in the operation of ... an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution....'" *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 460, 11 WH 426 (S.D.N.Y. 2006) 29 U.S.C. 203(s)(1)(B)

A brief look at SCO's website show that 'all the boxes are checked' with respect to SCO's activities, and the activities outlined in 29 U.S.C. § 203(r)(2) and 29 U.S.C. § 203 (s)(1)(B), as articulated, above.[3] Consider SCO's 'The Christopher School, a residential school for children with developmental disabilities (Ex.A)[4], which certainly seems to qualify as "a school for mentally or physically handicapped...as per 29 U.S.C. § 203(r)(2)(A) and 29 U.S.C. § 203 (s)(1)(B). Consider, as well, other institutions of operated by SCO:

> Madonna Heights Residential Treatment Facility: A therapeutic program that provides residential mental health services available outside of a hospital...;
>
> Westbrook Preparatory School: "the first residential New York State Regents junior/senior high school for students with Asperger syndrome";
>
> Robert J. McMahon Children's Center and Residential Treatment Center: Serves children and adolescents with developmental disabilities and provides, among other things, 24-hour nursing care;

---

[2] Notably, in *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 11 WH 426 (S.D.N.Y. 2006), 'CGS' stood for defendant Catholic Guardian Society, nonprofit organization dedicated to the service of families and children, with funding derived from federal, state, and local reimbursements and grants", which operates foster care services, group homes, and residential services for the mentally and developmentally disabled. *Id.*, at 452.

[3] Though plaintiff recognizes that the present Motion is a 12(b)(6) motion, and not a motion for summary judgment, plaintiff will only rely on exhibits to the limited extent used in this section.

[4] For all references to (Ex.A), please see the Declaration of Russell S. Moriarty in Opposition to Defendants' Motion to Dismiss the Complaint.

4

Ottilie Residential Treatment Facility: Residential facility serving adolescents and young adults with emotional disturbances and developmental delays, which provides the most"most intensive residential mental health services available outside of a hospital"; and,

Intermediate Care Facilities: "Residences with 24-hour care for individuals with developmental disabilities that provide the highest level of care outside of a skilled nursing facility…(including) psychologists, nurses and clinicians". (Ex.A)

The above-listed programs are but a few of the many activities of SCO which cause the organization to fall within 29 U.S.C. § 203(r)(2) and 29 U.S.C. § 203 (s)(1)(B), thus causing FLSA enterprise coverage to apply to SCO.

Further, the *Jacobs* case, relied on so extensively by defendants, made the explicit point that nonprofits which compete with enterprises organized specifically for business purposes cause such nonprofits to be defined as enterprises pursuant to the FLSA. Defendants' Motion admits as much (see Footnote 4, page 7, or Defendants Memorandum, here):

> "At the trial court level, Magistrate Judge Azrack went a step further, reasoning that Congress explicitly chose specific non-profits for coverage under 29 U.S.C. § 203(r) because 'they were in substantial competition with similar activities carried on by enterprises organized for a business purpose'" (Def.Memo, p.7, footnote 4, citing Jacobs v. N.Y.Foundling Hosp., 483 F. Supp. 2d 251, 261 (E.D.N.Y. 2007)

Accordingly, SCO is one of those organizations specifically chosen for coverage under 29 U.S.C. § 203(r) by Congress, as SCO specifically meets the test articulated in 29 U.S.C. § 203(r), and as SCO is in substantial competition with enterprises organized for business purposes, such as for-profit hospitals, therapists, treatment centers, and schools. Discovery will show this. SCO, indisputably, is an enterprise, operating for a business purpose, as defined by the FLSA. Defendants' Motion, therefore, must be denied.

### B. FLSA Individual Coverage is Properly Pled

In the present matter, jurisdiction under the FLSA also attaches due to plaintiff's 'individual coverage'.

The FLSA covers employees "engaged in commerce or in the production of goods for commerce," regardless of whether enterprise coverage exists. 29 U.S.C. § 207(a)(1) ("Where a business fails to meet the enterprise requirements of the FLSA...a plaintiff's FLSA claim can survive summary judgment only if the plaintiff was engaged in commerce or in the production of goods for commerce." *Xelo v. Mavros*, No. 03-cv-3665, 2005 U.S. Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005))

"An employee is engaged in commerce when regularly using the mails and telephone for interstate communication, or when regularly traveling across state lines while working. ." *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 465, *see also Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1178 (D. Ind. 1995) ("An employee may participate in the actual movement of interstate commerce . . . by regularly using the instrumentalities of interstate commerce in her work, *e.g.* regular and recurrent use of interstate telephone, telegraph, mails or travel."). Of course, sporadic use of interstate mechanisms, such as phone, mail or email, may not be sufficient to establish coverage. *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 465-66

In the present matter, however, when drawing all reasonable inferences in favor of plaintiff, plaintiff properly pled that contact outside of the state is regular, via telephone, fax and email, in furtherance of her duties for SCO. Complaint, ¶ 12 As per the Department of Labor, whether or not an individual is engaged in commerce for the purposes of individual coverage under the FLSA, is a *factual inquiry*. *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 466 Discovey

regarding this factual inquiry, therefore, is required. Accordingly, the pleadings herein properly allege individual coverage, and defendants' motion should be denied.

### III. PLAINTIFF STATES A CLAIM UNDER THE LABOR LAW

In preparation of this Opposition, plaintiff's counsel have reviewed defendants argument to dismiss the Labor Law claims (Def.Memo, p.13-15) numerous times. With each successive reading, the conclusion does not change – defendants' argument regarding the alleged Labor Law exemption potentially applicable to SCO is nothing more than an affirmative defense, inappropriate for a 12(b)(6) Motion to Dismiss. In fact, defendants' argument raises more questions than it answers. For instance:

- Is the exemption claimed by defendants valid to deny an employee overtime wages?
- Had the exemption, if valid, ever applied to SCO?
- Does the exemption apply to SCO today?
- Has the Catholic Directory continued to report SCO as an exempt nonprofit affiliate?
- Has SCO waived the exemption, whether explicitly or implicitly?
- Has SCO fulfilled all of the requirements of Part 143 in order for the exemption, if valid, to remain in effect?

The existence of these very significant questions reveals the premature nature of defendants' motion.

Though not binding on this Court, Judge James C. Cacheris of the Eastern District of Virginia provided a thoughtful rationale of the utility of affirmative defenses within a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, in the matter of <u>Manchanda v Hays Worldwide, LLC, No. 1:14 CV 1339, 2014 WL 7239095 (E.D.Va. Dec. 17, 2014)</u>.

The Court, there, pondered whether liability waivers were sufficient to terminate a wrongful death action at the motion to dismiss stage. Judge Cacheris noted that, "Whether the liability waivers apply to bar Plaintiff's claim is an affirmative defense that Defendants bear the

7

burden of pleading and proving... Such an affirmative defense has no bearing on whether Plaintiff has adequately stated a claim for relief. Should Defendants wish to assert this defense, the appropriate time is at a motion for summary judgment." *Manchanda v Hays Worldwide, LLC*, No. 1:14 CV 1339, 2014 WL 7239095*6, citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) In that matter, Judge Cacheris rightly denied defendants' Motion to Dismiss based on an affirmative defense.

Of course, in the present matter defendants will claim that their affirmative defense relies on 'matters of public record'. (Def.Memo, p.13, footnote 7) However, Judge Cacheris was instructive with regard to this point as well:

> "In the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear [ ] on the face of the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis is original). The facts necessary to rule on an affirmative defense here are not present on the face of a complaint, so this limited exception does not apply here." *Manchanda v Hays Worldwide, LLC*, No. 1:14 CV 1339, 2014 WL 7239095*6

As the proposed questions (*supra*, p.7) indicate above, the facts necessary to rule on the affirmative defense are not present on the face of the Complaint, nor in defendants' arguments, nor in defendants' exhibits. Accordingly, defendants' Motion must be denied.

Defendants' exhibits, attached to their Motion papers, include letters from 1975, 1987, and 2009. As an example, even if defendants' arguments are taken as true, there is no way to tell if SCO is *presently* exempt from paying overtime wages under the Labor Law based on its not-for-profit status, nor whether or not SCO has opted out of the alleged exemption. Moreover, there is no way to tell, presently, whether the Roman Catholic Church still lists SCO in its Kennedy Catholic Directory as an exempted not-for-profit affiliate organization. (Def.Memo, p.14)

8

Moreover, as per the 1975 letter attached to defendants' Motion, "A condition of continuing the non-profit exemption classification for all organizations under Catholic auspices is that the New York State Catholic Conference provide the Department of Labor each year with a list of names and addresses of these units which were added or deleted during the year." (Def.Ex.D)[5] Of course, there is no way whatsoever to tell at this point whether or not this condition was satisfied by the Catholic Conference. Therefore, defendants' motion should be denied.

Finally, in its Motion papers, SCO claims and acknowledges that it is subject to the provisions of 12 NYCRR 143. (Def.Memo,p.13-15) Upon analyzing 12 NYCRR 143, there are significant questions remaining as to whether SCO satisfied this very regulation which it acknowledges as controlling. If SCO has not complied with 12 NYCRR 143, or if SCO is currently not in conformity with 12 NYCRR 143, the affirmative defense clearly fails.

For example, 12 NYCRR 143 requires that the nonprofitmaking institution "be operated exclusively for religious, charitable or educational purposes." N.Y. Comp. Codes R. & Regs., tit. 12, § 143 ("Section 143") As per the argument in this Memorandum, Section II(A) *supra*, SCO does not satisfy this criteria, but instead operates in a variety of competitive fields. Accordingly, Section 143 would not apply, the exemption falls to the wayside and defendants' Motion should be denied.

As another example, Section 143, and the Labor Law, require that an exempt nonprofitmaking institution pay each of its workers at least minimum wage for all hours worked. Labor Law § 652(3)(b) Under a scenario, as in the present matter, wherein a worker is only paid for the initial forty hours worked, but is paid nothing for each hour worked above forty, Section

---

[5] For all references to Def.Ex.D, please see Exhibit D, attached to the Affirmation of Ana C. Shield, Esq., in Support of Defendants' Motion to Dismiss the Complaint.

143 would not be satisfied, the exemption would fail, and defendants' Motion, therefore, should be denied.

Finally, Section 143.6 requires nonprofitmaking institutions claiming the exemption pursuant to Section 143 to keep extensive records for each and every employee, including accurate records of hours worked. As the Complaint in this matter pleads that SCO failed in this respect, Section 143 would not be satisfied, the exemption would fail, and defendants' Motion should be denied.

Clearly, myriad questions exist as to the applicability of Section 143 to the present matter. Accordingly, defendants' Motion should be denied.

## IV. PLAINTIFF'S COMPLAINT STATES A CLAIM VERSUS THE INDIVIDUAL DEFENDANTS

Defendants claim that even if their Motion fails with respect to the FLSA claim versus SCO, the Motion does not fail with respect to plaintiff's FLSA claim versus the individual defendants. (Def.Memo,p.15-17)

To state a claim under the FLSA, plaintiff must allege that the Individual Defendants "possessed the power to control the workers in question." *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519 (PKC)., 2009 BL 76599*2 (S.D.N.Y. Apr. 08, 2009), *quoting Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) According to the Lin Court, plaintiff's complaint failed because it merely pled that the individual "Defendants were employers" and that "Defendants employed plaintiffs." (*Id.*) The Lin court even mentioned that, "the complaint does not even allege that the Individual Defendants held supervisory or managerial positions at CHMI." (*Id.*)

10

In the present matter, plaintiff pled all of the above, including that all of the individual defendants 'held supervisory positions' (Complaint, ¶ 14-17), controlled the terms and conditions of plaintiff's employment (*Id.*), controlled plaintiff's compensation (*Id.*), and "knew very well that Case Workers, including plaintiff and the Class, regularly worked over forty hours in a workweek…but intentionally refused to pay proper overtime wages to plaintiff and the Class." (Complaint, ¶ 41)

Accordingly, as per the pleading requirements of F.R.C.P. 8, and the motion to dismiss standard, in which all pleadings should be accepted as true and all inferences drawn in favor of plaintiff, defendants' Motion should be denied. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007)

## V. ALTERNATIVELY, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT

In the event that any of the above arguments do not prevail, and a claim or claims are dismissed, plaintiff respectfully request leave to amend the Complaint.

## CONCLUSION

For the above-stated reasons, defendants' Motion to Dismiss the Complaint should be denied.

Dated: New York, New York
      March 23, 2016

**LEVINE & BLIT, P.L.L.C.**

_____
Russell S. Moriarty, Esq.

(RM 0224)
*Attorneys for Plaintiffs*
Empire State Building
350 Fifth Ave.
New York, NY 10118