UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOREEN JONES, on behalf of herself and others
similarly situated,

                 Plaintiff,

-against-

SCO FAMILY OF SERVICES; DOUGLAS
O'DELL; DIANE KRASNOFF; SYBRINA
RICHARDSON; and JOANN JOSEY,
                 Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/16

15 **CIVIL** 8733 (GBD)

**JUDGMENT**

      Plaintiff Doreen Jones having initially filed this action, on behalf of herself and others similarly situated, before the Supreme Court of New York State in New York County ("the state court") on October 13, 2015 against Defendants SCO Family of Services ("SCO"), Douglas O'Dell, Diane Krasnoff, Sybrina Richardson, and Joann Josey (collectively, "Management Defendants") under the Fair Labor Standards Act ("FLSA"), and the New York State Labor Law ("NYLL") for unpaid overtime wages, and Defendants having moved to dismiss the complaint for failure to state a claim upon which relied can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue Plaintiff has failed to allege (1) that SCO is an enterprise engaged in commerce under the FLSA; (2) that Plaintiff is an individual engaged in interstate commerce; and (3) that Plaintiff has failed to plead individual liability as to the Management Defendants. Defendants also argue that, upon dismissal of Plaintiff's federal FLSA claim, this Court should also dismiss Plaintiff's New York Labor Law claim, and the matter having come before the Honorable George B. Daniels, United States District Judge, and the Court, on August 10, 2016, having rendered its Memorandum Decision stating that Plaintiff has failed to state a claim for FLSA wage overtime violations under enterprise or individual coverage against SCO. Accordingly, granting Defendants' motion to dismiss the first cause of action under the FLSA. Further this Court declines to exercise supplemental jurisdiction

over the Second Cause of Action for overtime wage violations brought under New York Labor Law; and directing the Clerk of Court to close the motion at ECF No. 15 and this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Decision and Order dated August 10, 2016, Plaintiff has failed to state a claim for FLSA wage overtime violations under enterprise or individual coverage against SCO. Accordingly, Defendants' motion to dismiss the first cause of action under the FLSA is granted. Further, this Court declines to exercise supplemental jurisdiction over the Second Cause of Action for overtime wage violations brought under New York Labor Law; accordingly, the case is closed.

**Dated:** New York, New York
August 10, 2016

RUBY J. KRAJICK
Clerk of Court

BY: *[signature]*
Deputy Clerk