**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOREEN JONES, *on behalf of herself and other similarly situated*,
                                  Plaintiff,

-against-

SCO FAMILY OF SERVICES; DOUGLAS O'DELL, DIANE KRASNOFF, SYBRINA RICHARDSON, AND JOANN JOSEY,
                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER

15 Civ. 8733 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Doreen Jones initially filed this action, on behalf of herself and others similarly situated, before the Supreme Court of New York State in New York County ("the state court") on October 13, 2015 against Defendants SCO Family of Services ("Corporate Defendant"), Douglas O'Dell, Diane Krasnoff, Sybrina Richardson, and Joann Josey (collectively "Management Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207(a)(1), and the New York State Labor Law ("NYSLL") for unpaid overtime wages. (*See* Complaint, ECF No. 4, Ex. A to Notice of Removal ("Notice"), ¶¶ 55-66.) Defendants filed a notice of removal under 28 U.S.C. §§ 1331 and 1441 with this Court on November 4, 2015, with jurisdiction arising out of Plaintiff's FLSA claim. (*See* Notice, at 1.)

      On August 10, 2016, this Court dismissed Plaintiff's complaint in a Memorandum Decision and Order ("Aug. 10, 2016 Order," ECF No. 39) for failure to state a claim for FLSA wage overtime violations under enterprise or individual coverage against SCO. (Aug. 10, 2016 Order, at 11.) This Court also declined to exercise supplemental jurisdiction as to the NYSLL claims and noted that it would consider an application for leave to amend if amendment would not be futile. (*Id.*)

Before this Court is Plaintiff's motion for leave to amend the complaint. (Pl.'s Mot. for Leave to Am. ("Mot."), ECF No. 41; Pl.'s Mem. in Supp. of Mot. for Leave. to Am. ("Mem."), ECF No. 45.)[1] Plaintiff contends that her proposed Amended Complaint, ("PAC," ECF No. 45-2), cures the defective pleading as to enterprise and individual coverage under the FLSA. Plaintiff newly pleads a third and fourth cause action pursuant to NYSLL § 195(1) and 195(3) for failure to furnish her with accurate wage statements or written notice of her wage rates, and other information. (PAC ¶¶ 88-89.) Finally, Plaintiff seeks to add a fifth and sixth cause of action for "retaliatory termination," based on her June 10, 2016 termination in violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. § 205 and the NYSLL § 215. (Id. ¶¶ 110-124.)

Plaintiff's motion for leave to amend the complaint is DENIED. Plaintiff's proposed Amended Complaint has failed to state a claim upon which relief can be granted. First, Plaintiff has failed to sufficiently allege enterprise coverage under the FLSA. Second, Plaintiff has failed to sufficiently allege facts supporting individual coverage under the FLSA. Leave to amend would therefore be futile.

## I. NEW FACTS ALLEGED IN PROPOSED AMENDED COMPLAINT

As to Defendant SCO's status as an enterprise covered by the FLSA, Plaintiff now alleges that SCO "operates for a business purpose," running "various programs and institutions which include schools, institutions for the mentally ill, and institutions which should reasonably be considered hospitals by definition" as a single enterprise under the same leadership of a shared "executive cabinet." (PAC ¶¶ 14-16, 39.) Plaintiff further alleges that these programs constitute a single enterprise because "separate enterprises within SCO simply do not exist[,]" (id. ¶ 39), and

---

[1] Defendant filed a memorandum in opposition to Plaintiff's motion for leave to amend. ("Opp'n," ECF No. 47.) Plaintiff did not file a memorandum in reply to the opposition as of the date of this Memorandum Decision and Order. The time to file a reply having passed, this Court takes the motion as fully submitted.

"its employees, including plaintiff, are not just isolated within one program, but regularly interact with a number of SCO's programs as required by their job duties." (*Id.* ¶¶ 16-17.) According to Plaintiff, these programs "regularly compete with for-profit institutions such as private medical clinics which are dispersed throughout New York, and for-profit schools." (*Id.* ¶¶ 18, 50.) However, Plaintiff continues to allege that Corporate Defendant is "a not-for-profit organization incorporated in the State of New York." (*Id.* ¶ 8.)

Plaintiff alleges that she was assigned to the Congregate Care department within Defendant's Hard to Place Agency Operated Boarding Home Program for troubled youth and youth affected by developmental issues. (*Id.* ¶¶ 41-42.) Plaintiff further alleges that in her capacity as a Case Worker, she "was responsible for her subjects' development outside of the group homes by effectively implementing and utilizing SCO's various other programs, including SCO's schools and institutions, through a coordinated effort with various other SCO employees." (*Id.* ¶ 42; *see also id.* ¶¶ 17, 40, 43-45.)

Plaintiff newly alleges that her duties "caused [her] to work at and with a whole assortment of SCO programs, including schools, institutions and facilities [sic] which should be considered hospitals," making her "duties . . . wholly intertwined with, and dependent upon," those of other SCO programs and their employees. (*Id.* ¶¶ 45-47.) According to Plaintiff, in addition to Madonna Heights, these institutions included the Transfer High School, the Medical Health Clinic Services, the Mental Health Clinic Services, and Bridges to Health residential institution for the emotionally and/or developmentally disturbed. (*Id.*)

As to whether Plaintiff engaged in interstate commerce, Plaintiff now alleges in addition to "regularly contact[ing] persons, organizations, and authorities outside of New York State, as well as within New York State, via telephone, fax, and email" as part of her job, (*id.* ¶¶ 61-62), as

3

a Case Worker, she also would travel out of state. (*Id.* ¶¶ 12, 53-60.) Specifically, various youth under her supervision allegedly caused her to travel to New Jersey and communicate regularly with parties located in North Carolina, (*id.* ¶ 55), Virginia, (*id.* ¶ 56), Pennsylvania, (*id.* ¶ 57), and Florida. (*Id.* ¶ 58.) Plaintiff alleges that her cell phone was mailed from Fort Worth, Texas, (*id.* ¶ 52), and that her office supplies, upon information and belief, also came from out of state. (*Id.*) Plaintiff further alleges that she "regularly mailed and faxed cell phone applications to Parsippany, New Jersey, from her New York office, to assist the youth under her supervision in getting free cell phones, as many of the youth were Medicaid recipients eligible for such free cellphones." (*Id.* ¶ 53.) Plaintiff alleges that her role as a Case Worker required her to regularly contact the Virginia-based National Center for Missing Children each time one of her clients went missing. (*Id.* ¶ 60.)

## II. LEGAL STANDARD

Courts should freely permit plaintiffs to amend the complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). However, it is well-settled law that reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." justify the denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, to state a facially plausible claim, *Iqbal* requires a party to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). For the purposes of a 12(b)(6) motion, the plaintiff's well-pleaded facts are assumed to be true and all reasonable inferences therefrom are construed in the light most favorable to the plaintiff, the non-moving party. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (citing *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007)).

### III. PLAINTIFF'S AMENDEMENTS FAIL TO ALLEGE AN FLSA ENTERPRISE.

Plaintiff contends that her PAC cures the defects regarding enterprise coverage that this Court noted in it its opinion. (Mem., at 5.) As this Court previously stated, the FLSA's overtime provisions apply to enterprises. (Aug. 10, 2016 Order, at 5-6 (citing *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing, *inter alia*, 29 U.S.C. § 207(a)(1)))). Section 203(r)(1) defines an enterprise as "the related activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. § 203(r). An enterprise covered by the FLSA must also be "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 203(s)(1), or "serve the general public in competition with ordinary commercial enterprises." (Aug. 10, 2016 Order, at 6 (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 297, 299 (1985)).) The law in this Circuit indicates that non-profit charitable foster care agencies do not fall within the purview of the FLSA's overtime provisions. *Jacobs*, 483 F. Supp. 2d at 260, 263.

Plaintiff's amended allegations are futile as to FLSA enterprise coverage because Plaintiff has not alleged any facts that could support an objectively reasonable belief that she herself worked at an SCO program that could arguably constitute an enterprise as contemplated by the FLSA; that is, there are no factual allegations that any of the SCO programs operated for profit. *See Jacobs*, 483 F. Supp. 2d at 258 (citing 29 U.S.C. § 203(r)(2)) (noting an exception to exemption under the FLSA for certain non-profits primarily engaged in the care of the sick, mentally ill or the aged that reside on the premises; operating in connection with a public agency; or that are an actual municipal public agency). Plaintiff conclusorily alleges that her duties at the Hard to Place Agency Operating Boarding Home program "caused [her] to work at and with a whole assortment of SCO programs, including schools, institutions and facilities [sic] which should be considered hospitals." (PAC ¶ 47).

Even if SCO's Transfer High School, Medical Health Clinic Services, Mental Health Clinic Services, and Bridges to Health residential institution for the emotionally and/or developmentally disturbed, (*id.*), were indeed in competition with for-profit hospitals and schools pursuant to § 203(r)(2), Plaintiff fails to adequately allege that she was employed by programs that could arguably have a business purpose or that her program shared a business purpose with such programs. (*See* Opp'n at 7-8 (citing *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 464-65 (S.D.N.Y. 2006).) Plaintiff baldly asserts that these programs were "intertwined" and that all SCO programs functioned as "one integrated enterprise" because "separate enterprises within SCO simply do not exist" and SCO's programs have the same human resources department and leadership committee. (PAC ¶ 39.) These are precisely the type of conclusory allegations and formulaic recitations of elements of enterprise coverage that cannot survive the 12(b)(6) standard. *Cf. Iqbal*, 550 U.S. at 678.

Despite Plaintiff's proposed amendments, Plaintiff has failed to sufficiently allege facts supporting enterprise coverage for Defendant SCO, a not-for-profit entity.

## IV. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE ANY FACTS PLEADING INDIVIDUAL COVERAGE.

If an individual employee is "engaged in commerce or in the production of goods for commerce," regardless of whether her employer is an enterprise, that employee is protected by the FLSA's individual coverage. 29 U.S.C. § 203(r)(1). As this Court previously held, an employee engages in commerce when "'a substantial part of the employee's work is related to interstate commerce.'" (Aug. 10, 2016 Order, at 10 (quoting *Divins v. Hazeltine Electronics Corp.,* 163 F.2d 100, 103 (2d. Cir. 1947) (internal citation omitted)). Activities that "simply affect or indirectly relate to interstate commerce" are insufficient to plead individual coverage. *See Li v. Zhao,* 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) (internal citation and quotation marks omitted).

Plaintiff amends her Complaint to allege that she "regularly mailed and faxed cell phone applications to Parsippany, New Jersey, from her New York office, to assist the youth under her supervision in getting free cell phones, as many of the youth were Medicaid recipients eligible for such free cellphones." (PAC ¶ 53.) According to Plaintiff, various youth under her supervision caused her to travel to New Jersey "about half a dozen times," (*id.* ¶ 54), and communicate regularly with parties located in North Carolina, (*id.* ¶ 55), Virginia (not only to speak with clients' family members but to contact the Virginia-based National Center for Missing Children each time one of her clients went missing), (*id.* ¶¶ 56, 60), Pennsylvania, (*id.* ¶ 57), and Florida. (*Id.* ¶ 58) In a further attempt to salvage her FLSA claim (and federal jurisdiction), Plaintiff alleges that her cell phone was mailed from Fort Worth, Texas, (*id.* ¶ 52), and that her office supplies, upon information and belief, also came from out of state. (*Id.*)

7

Plaintiff alleges with specificity that she made approximately one hundred interstate communications and a half-dozen trips to New Jersey during her seven and one-half year employment. (*See* Opp'n at 14.) Plaintiff has therefore alleged an average of one interstate communication per month, and less than one interstate trip a year. (*See id.*) These alleged interstate contacts are far from the "regular" interstate contact amounting to "a substantial part of the employee's work." *See Divins*, 163 F.2d at 103; *Walker v. The Interfaith Nutrition Network, Inc.*, No. 14 Civ. 5419, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015). Accordingly, Plaintiff's proposed Amended Complaint has failed to allege facts supporting sufficiently regular interstate commerce to invoke individual coverage under the FLSA.

## V. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A RETALIATION CLAIM

A plaintiff may only bring an FLSA retaliation claim, however, against the three types of non-profit employers enumerated in § 203(r)(2)). *See Lamont v. Frank Soup Bowl, Inc.*, No. 99 Civ. 12382, 2001 WL 521815, at *4 (S.D.N.Y. May 16, 2001) (finding that Congress did not intend to extend the Act's anti-retaliation provision to employers not subject to the Act's wage and hour provisions). Similarly, if a plaintiff is not an employee of an FLSA enterprise, she must then be covered as an individual in order to bring an FLSA retaliation claim. *See id.* at *5. Because Plaintiff has failed to allege facts sufficient to support enterprise or individual coverage under the FLSA, her FLSA retaliation claim fails. *See id.*

## VI. CONCLUSION

Plaintiff's motion for leave to amend the Complaint is DENIED. Plaintiff's proposed Amended Complaint has failed to sufficiently allege enterprise or individual coverage under the FLSA. Leave to amend would therefore be futile.[2]

---

[2] Having dismissed all claims over which it had original jurisdiction, this Court declines to exercise supplemental jurisdiction over the new state law claims for lack of wage rates notice and wage statements

The Clerk of Court is directed to close the motion at ECF No. 41.

Dated: New York, New York
December 1, 2016

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

---

in violation of NYSLL §§ 195(1, 3) and for retaliation under NYSLL § 215. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[T]he exercise of supplemental jurisdiction is left to the discretion of the district court . . . .") (citation omitted).